IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES LAMONT WILLIAMS § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:24-cv-01753-X (BT) |
| § | |
| FNU LNU 3:24-cv-1753 § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff and former Kaufman County prisoner Charles Lamont Williams filed a letter that the Court construed as a civil complaint. ECF No. 4. But Williams did not file his complaint on the court-approved form, nor did he pay the $405.00 filing fee or move for leave to proceed *in forma pauperis* (IFP). Accordingly, the Court issued an order and notice of deficiency (NOD) requiring Williams to (1) file a complaint on the court approved form, and (2) pay the filing fee or file a motion for leave to proceed IFP by August 8, 2024. *See* ECF No. 5. The NOD warned Williams that the failure to comply might result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Williams's deadline to comply with the NOD has passed but, to date, he has not paid the filing fee or moved for leave to proceed IFP. Further, Williams was released from the Kaufman County Jail and has not provided the Court with an updated address, so the Court cannot communicate with him. *See* ECF No. 7 (Court

mail sent to Williams returned as undeliverable because he was released from Kaufman County Jail). Accordingly, the Court now recommends that Williams's case be dismissed without prejudice under Fed. R. Civ. P. 41(b).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981)).

Here, in contravention of the local rules of this Court, Rule 41(b), and the Court's standard instructions to *pro se* prisoners, Williams has failed to update his address, so the Court cannot communicate with him. *See* ECF No. 2 ("Instructions to a Prisoner *Pro Se* Plaintiff"); *Thompson v. Beatty*, 2023 WL 5311518, at *1 (N.D. Tex. July 28, 2023) ("Under Rule 41(b), the plaintiff has a duty to keep the Court apprised of any address changes."), *rec. accepted* 2023 WL 5312210 (N.D. Tex. Aug. 17, 2023) (citing *Lewis v. Hardy*, 248 F. App'x 589 593 n.1 (5th Cir. 2007));

2

N.D. Tex. Civ. R. 1.1 (c)(2), 83.13, and 83.14. Further, Williams has failed to comply with the NOD by filing an amended complaint on the correct form and paying the filing fee or moving for leave to proceed IFP.

This case cannot move forward unless Williams updates his address and complies with the NOD. His failure to comply with the NOD and to update his address indicates an unwillingness or inability to prosecute this action and comply with the federal rules and court orders.

Thus, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See, e.g.*, *Bennett v. Smith County Jail*, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021) (dismissing case for failure to prosecute because the "[p]laintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case"), *rec. accepted* 2021 WL 926207 (E.D. Tex. Mar. 10, 2021); *Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an [IFP] application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020).

## Recommendation

The Court should dismiss Williams's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

3

SO RECOMMENDED.

Dated October 7, 2024.

                                          _____
                                          REBECCA RUTHERFORD
                                          UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).